OPINION OF THE COURT
Loren N. Brown, J.
Pursuant to a search warrant sought and obtained by the State’s Organized Crime Task Force (hereinafter task force), Louis Viscusi, while operating a grey and black 1983 Lincoln Continental, was stopped by law enforcement officers on Broadway in Schenectady, New York, approximately 100 yards west of Interstate 890. A search of the automobile and Mr. Viscusi allegedly produced materials used in illegal gambling, including cash, checks, adding machine tapes, and policy records, most of which were contained in an envelope found in a car "pocket”. The automobile, which is the subject of this action, was confiscated. Mr. Viscusi, with two others, was accused by a 10-count indictment of committing gambling offenses in the Counties of Schenectady and Albany. This action, brought pursuant to Penal Law § 415.00, seeks forfeiture of the automobile as a vehicle used to transport or conceal gambling records.
The petition is opposed by Mr. Viscusi, as the owner of the vehicle, on a variety of grounds. First, he challenges the authority of the task force and Mr. Goldstock, as a Deputy Attorney-General, to seize property pursuant to section 415.00 of the Penal Law. Specifically, it is alleged that only the County District Attorney is empowered by section 415.00 to bring this proceeding. Additionally, the task force, according to Mr. Viscusi, may only investigate "organized crime”, an activity not alleged here, and then only when the activity alleged is criminal activity conducted between two or more counties in New York and another jurisdiction. Mr. Viscusi also objects to the failure of the task force to deliver the seized automobile to the appropriate District Attorney (Penal Law § 415.00 [3]), or to have the District Attorney investigate the seizure to determine if the property should, in the furtherance of justice, be returned to its owner (Penal Law § 415.00 [4]). Finally, Mr. Viscusi pleads innocent to knowingly using the automobile to transport gambling records.
Addressing first the powers and functions of the task force, and the purported failure of the County District Attorney to *575 perform certain functions, section 70-a of the Executive Law provides for the establishment of such an organization within the State Department of Law. By section 70-a (1) (a), it is empowered to "conduct investigations and prosecutions of organized crime activities” which are not localized within one county. Section 70-a (7) provides, in pertinent part: "With the approval of the governor and with the approval or upon the request of the appropriate district attorney, the deputy attorney general in charge of the organized crime task force, or one of his assistants, may attend in person any term of the county court or supreme court having appropriate jurisdiction * * * for the purpose of managing and conducting in such court or before such jury a criminal action or proceeding concerned with an offense where any conduct constituting or requisite to the completion of or in any other manner related to such offense occurred * * * in two or more counties in this state * * * In such case, such deputy attorney general * * * so attending shall exercise all the powers and perform all the duties in respect of such actions or proceedings, which the district attorney would otherwise be authorized or required to exercise or perform. In any of such actions or proceedings the district attorney shall only exercise such powers and perform such duties as are required of him by such deputy attorney general”. There appears to be no dispute that the requisite approvals were given pursuant to section 70-a (7). It is apparent, too, that this is a criminal action or proceeding concerning an offense, and that it is alleged that the alleged criminal conduct occurred in two counties within the State.* And by the final sentences of section 70-a (7), the task force was given broad powers to act in place and instead of the District Attorney. (Matter of B. T. Prods. v Barr, 44 NY2d 226.) In essence, section 415.00 of the Penal Law permits the District Attorney to bring a forfeiture proceeding, and section 70-a (7) of the Executive Law grants the task force, in certain circumstances, the same power while circumscribing the District Attorney’s power to investigate and prosecute when the task force is involved. With the task force conducting the investigation, the District Attorney was neither required to take possession of the vehicle nor was he expected to investigate the forfeiture to determine whether the automobile should be returned.
*576 The court finds no merit to Mr. Viscusi’s contention that the task force may not prosecute unless it can allege and demonstrate that "organized crime” was involved. The Court of Appeals in People v Rallo (39 NY2d 217) rejected the same contention in a conceptually analogous context.
In summary, the record shows no procedural or jurisdictional defect in this proceeding requiring summary release of the vehicle.
Finally, Mr. Viscusi has factually alleged that he is innocent of the charges, and that the automobile was not intentionally used to transport gambling records. Having so alleged, summary disposition of this petition is precluded. The court will, therefore, conduct a hearing on the issues presented.

 Whether two counties were, in fact, involved, would be a question of fact to be determined by a trier of fact.